IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01999-CMA-MEH

KB HOME COLORADO, INC.,
a Colorado corporation

  Plaintiff,

v.

STATE NATIONAL INSURANCE COMPANY,
a Texas corporation

  Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL

A scheduling conference was held on October 4, 2011, at 9:45 a.m. in Courtroom A-501, on the fifth floor of the Alfred J. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Appearing on behalf of Plaintiff KB Home Colorado, Inc. ("KB Home") was the following counsel: Clayton E. Wire, Starrs Mihm LLP, 707 Seventeenth Street, Suite 2600, Denver, Colorado  80202, Telephone:  303-592-5900.

Appearing on behalf of Defendant State National Insurance Company ("State National") was the following counsel: Nancy A. Fitzgerald, McElroy, Deutsch, Mulvaney & Carpenter, LLP, 5613 DTC Parkway, Suite 1100, P.O. Box 4467, Englewood, CO 80155-4467, Telephone: (303) 293-8800.

## 2.  STATEMENT OF JURISDICTION

Defendant State National Insurance contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity among the parties. Plaintiff reserves its right to challenge the Court's subject matter jurisdiction over this case due to the potential lack of diversity of parties.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.     *Plaintiff:*  This case arises from legal malpractice claims asserted by KB Home Colorado, Inc. ("KB Home"), against its former lawyers ("Insured Lawyers"), who maintained claims made professional liability insurance policies with Defendant State National Insurance Company ("State National").   In order to resolve these legal malpractice claims, KB Home entered into a settlement agreement with the Insured Lawyers and Defendant State National. Under this agreement KB Home was entitled to bring this declaratory judgment action against State National for $500,000.00 in additional funds that KB Home asserts are due under the Insured Lawyers' 2010-2011 liability policy.

KB Home's present declaratory judgment claim requests a determination that its previous legal malpractice claims against the Insured Lawyers fall within the 2010-2011 insurance policy, rather than the 2009-2010 policy that was significantly depleted prior to the resolution of KB Home's claims.  KB Home is entitled to such a declaratory judgment on the bases that, *inter alia*: (1) The Insured Attorneys did not report any "potential claim" relating to their representation of KB Home to State National prior to the effective date of the 2010-2011 insurance policy; (2) There was no "potential claim," as defined by the insurance policies, prior to the effective date of

2

the 2010-2011 insurance policy; (3) The Insured Lawyers did not provide sufficient "notice" to State National of any "wrongful act" associated with their representation of KB Home until after the effective date of the 2010-2011 insurance policy; (4) The Insured Lawyers repeatedly assured KB Home that they had not committed a "wrongful act" that would trigger coverage by State National during the 2009-2010 policy period; and (5) The Insured Lawyers' renewed 2010-2011 insurance policy with State National does not exclude any potential claim or actual claim by KB Home.  In sum, the Insured Lawyers' 2009-2010 insurance policy was not triggered because the Insured Lawyers did not give sufficient notice of KB Home's claims to State National until <u>after</u> the effective date of the 2010-2011 policy and no exclusions were made in the 2010-2011 policy regarding KB Home's claims.

b.      *Defendant:*  State National disputes KB Home's Statement of Claims.   State National states that its 2009 Policy limits have been exhausted and thus no limits are available under the 2009 Policy for the claims asserted by KB Home in this case.    As to the 2010 Policy, KB Home's claim is barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements, and/or limitations in the 2010 Policy, including, but not limited to, the following:   KB Home's claim is barred because the Policy is a "Claims Made and Reported" Policy, and the Insured Lawyers provided written notice of a potential claim or claims prior to the effective date of the 2010 Policy; KB Home's claim is barred because the Policy's Reporting of Potential Claims Condition provides that potential claims that might reasonably give rise to a claim shall be considered to have been made during the policy period in which they were reported; KB Home's claim is barred because Policy Exclusion II excludes coverage for any claim arising out of any wrongful act that occurred prior to the effective date of the Policy if the

matter had previously been reported to any insurance carrier; KB Home's claim is barred because Policy Exclusion II excludes coverage for any claim arising out of any wrongful act that occurred prior to the effective date of the Policy if the insured knew or could have reasonably foreseen that the wrongful act might be expected to be the basis of a claim.   Additionally, the Insured Lawyers failed to comply with the necessary conditions precedent for coverage under State National's 2010 Policy.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      KB Home retained the Insured Lawyers to represent it in a number of indemnity actions against former subcontractors.

2.      State National issued Lawyers Professional Liability Insurance policies to the Insured Lawyers, two of which are at issue in this action:  Policy No. SLA0011314, with a policy period from January 1, 2009 to January 1, 2010 ("2009 Policy"), and Policy No. SLA0014868, with a policy period from January 1, 2010 to January 1, 2011 ("2010 Policy").  Each policy has $2M limits of liability for each claim and annual aggregate, with a $10,000 deductible per claim and aggregate.

3.      In May, 2011, KB Home, State National, and the Insured Lawyers entered into a Settlement Agreement and Mutual Release ("Agreement"), in which the parties agreed to resolve KB Home's claim against the Insured lawyers for the remaining 2009 Policy limits,[1] but to preserve and litigate insurance coverage issues to determine whether the 2010 Policy provided coverage for the KB Home's claim.  The parties further agreed that in exchange for immediate payment of the remaining 2009 Policy limits, the Insured Lawyers would assign their rights under the Policies to KB Home and KB Home would limit its claim against State National to $500,000.00.

## 5.  COMPUTATION OF DAMAGES

KB Home seeks an additional payment of $500,000.00 from State National.

State National does not seek damages.

Both parties agree to pay their own attorney fees and litigation costs.

---

[1] Due to a separate claim under the 2009 Policy, the $2M limits were reduced to $1,410,000.

### 6.  REPORT OF PRE-CONFERENCE DISCOVERY &
### MEETING UNDER FED. R. CIV. P. 26(f)

a.      The meeting among counsel pursuant to Fed. R. Civ. P. 26(f) was held on September 6, 2011.

b.      At the Rule 26(f) conference, Plaintiff KB Home was represented by Michael T. Mihm and Clayton E. Wire of the law firm of Starrs Mihm LLP. Defendant State National was represented by Jane Young and Nancy Fitzgerald of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP.

c.      By mutual agreement, the parties made their Rule 26(a)(1) disclosures on or before September 23, 2011.

d.      At this time, the parties do not anticipate proposed changes in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

e.      At this time, the parties have not come to an agreement regarding informal discovery.

f.      The parties have agreed to use a unified exhibit numbering system, if necessary.

g.      At this time, the parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h.      The parties agree that settlement is not likely, as this dispute arose pursuant to a settlement agreement.

## 7.  CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.  The parties do not anticipate the need to modify the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

b.  The parties do not anticipate the need to modify the presumptive length of depositions contained in the Federal Rules.

c.  The parties do not anticipate the need to modify the presumptive number of requests for production and/or requests for admission contained in the Federal Rules.

d.  The parties do not anticipate other planning or discovery orders at this time.

## 9.  CASE PLAN AND SCHEDULE

a.      **Deadline for Joinder of Parties and Amendment of Pleadings:**  Nov. 1, 2011

b.      **Discovery Cut-off:**  Fact: March 1, 2012    Expert:  April 2, 2012

c.      **Dispositive Motion Deadline:**  June 1, 2012

d.      **Expert Witness Disclosure**

  (1)      State National does not anticipate that experts will be necessary.

  (2)      The parties propose to limit the number of expert witnesses to one per party, if deemed necessary.

  (3)      The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2012.

(4)     The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 2, 2012.

(5)     Any rebuttal opinions will be exchanged on or before April 23, 2012.

(6)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.     **Identification of Persons to Be Deposed:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| TBD | TBD | TBD | 7 hours |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

f.     **Deadline for Interrogatories**

All interrogatories must be served such that the answers are due no later than March 1, 2012, the fact discovery cut-off.

g.     **Deadline for Requests for Production of Documents and/or Admissions**

All requests for production of documents and/or requests for admission must be served such that the responses are due no later than March 1, 2012, the  fact discovery cut-off.

## 10.  DATES FOR FURTHER CONFERENCES

a.     A settlement conference will be held on _____ at_____ o'clock ___ .m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )     *Pro se* parties and attorneys only need be present.

( )     *Pro se* parties, attorneys, and client representatives with authority to settle must be present (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjuster authorized to enter into settlement must also be present.)

b.     Status conferences will be held in this case at the following dates and times:

_____

_____  _____

c.     A final pretrial conference will be held in this case on _____ at _____ o'clock __ .m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.     At this time, there are no other discovery or scheduling issues on which counsel have been unable to reach an agreement.

b.     The parties anticipate a three-day trial to the court, if any.

c.     N/A

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2011.

BY THE COURT:

_____
Michael E. Hegarty, Magistrate Judge

SCHEDULING ORDER REVIEWED:

/s/ Michael T. Mihm

Michael T. Mihm
Elizabeth J. Hyatt
Clayton E. Wire
Starrs Mihm LLP
707 Seventeenth Street, Suite 2600
Denver, Colorado  80202
Tel.: (303) 592-5900
Michael.mihm@starrslaw.com
Elizabeth.hyatt@starrslaw.com
Clayton.wire@starrs.law.com
*Attorneys for Plaintiff KB Home Colorado, Inc.*

/s/ Nancy A. Fitzgerald

Jane E. Young
Nancy A. Fitzgerald
McElroy, Deutsch, Mulvaney &
    Carpenter, LLP
5613 DTC Parkway, Suite 1100
P.O. Box 4467
Greenwood Village, Colorado 80155
Tel.: (303) 293-8800
jyoung@mdmc-lawco.com
nfitzgerald@mdmc-lawco.com
*Attorneys for Defendant State National Insurance Company*